UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ALFRED BARKERS-OKWAN,<br><br>               Plaintiff,<br><br>        -against-<br><br>NEW YORK STATE OFFICE OF CHILD SUPPORT<br>SERVICES (OCSS); U.S. DEPARTMENT OF<br>STATE; NEW YORK LIFE INSURANCE<br>COMPANY,<br><br>               Defendants. | 1:26-CV-2669 (LTS)<br><br>PARTIAL TRANSFER ORDER |

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff Alfed Barkers-Okwan, of Vineland, New Jersey, brings this action *pro se*, asserting claims of federal constitution violations under 42 U.S.C. § 1983. He sues: (1) the New York State Office of Child Support Services ("OCSS"); (2) the United States Department of State; and (3) the New York Life Insurance Company ("NY Life"), which appears to be his former employer. Plaintiff seems to allege that his application for a passport (or for passport renewal) was denied by the State Department due to OCSS's certification that he owes child-support arrears. (ECF 1, at 2; ECF 3, at 2; ECF 4, at 3; ECF 6, at 1.) Among the relief that Plaintiff seeks in his complaint is "immediate issuance" of a passport. (ECF 1, at 3.) He also seeks "any other relief the Court deems just and proper, including injunctive relief to prevent . . . passport denial." (*Id.*) Plaintiff has further filed an "Emergency Motion for Temporary Injunctive Relief" requesting that the Court order the State Department "to immediately process and issue his passport so [that] he may travel to see his seriously ill[] 97-year-old mother." (ECF 6, at 1.) In addition, with respect to his claims against the State Department, Plaintiff may also be seeking damages. (ECF 1, at 3.)

By order dated April 2, 2026, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees.[1] (ECF 7.) The Court construes Plaintiff's claims for injunctive relief against the State Department (ECF 1, at 3), including his claims for immediate injunctive relief in his "emergency motion" (ECF 6), as brought under the Administrative Procedure Act ("APA"). The Court construes Plaintiff's claims for damages against the State Department as brought under the Federal Tort Claims Act ("FTCA"). For the reasons set forth below, the Court severs those claims from this action and transfers them to the United States District Court for the District of New Jersey.

**DISCUSSION**

**A.    Venue for Plaintiff's claims against the State Department**

The appropriate venue provision for Plaintiff's claims under the APA against the State Department is found at 28 U.S.C. § 1391(e)(1), which provides that, unless otherwise provided by law, any civil action brought against a federal agency must be brought in a federal district court for:

> any judicial district in which (A) a defendant in the action resides, (B) a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (C) the plaintiff resides if no real property is involved in the action.

28 U.S.C. § 1391(e)(1). The appropriate venue provision for Plaintiff's claims under the FTCA is found at 28 U.S.C. § 1402(b), which provides that claims under the FTCA must be brought in a federal district court for "the judicial district where the plaintiff resides or wherein the act or

---

[1] Under Rule 5.2 of the Federal Rules of Civil Procedure, a court filing that refers to a minor child must do so by mentioning only the child's names initials. Fed. R. Civ. P. 5.2(a)(3). In his IFP application (ECF 2), Plaintiff reveals what appear to be the full names of his minor children. Accordingly, in an abundance of caution, the Court has directed the Clerk of Court to restrict electronic access to Plaintiff's IFP application.

omission complained of occurred." 28 U.S.C. § 1402(b). For venue purposes, a "natural person" resides in the federal judicial district where the person is domiciled, and an "entity with the capacity to sue and be sued," if a defendant, resides in any federal judicial district where it is subject to personal jurisdiction with respect to the civil action in question. 28 U.S.C. § 1391(c)(1), (2).

A federal agency resides where it is headquartered, which is usually in Washington, D.C. *See New York v. Pruit*, No. 1:18-CV-1030 (JPO), 2018 WL 2411595, at *3 (S.D.N.Y. May 29, 2018) (citing, *inter alia*, *Reuben H. Donnelley Corp. v. FTC*, 580 F.2d 264, 267 (7th Cir. 1978)); *Caremark Therapeutic Servs. v. Leavitt*, 405 F. Supp 2d 454, 463-64 (S.D.N.Y. 2005) (Marrero, D.J.) (quoting *Reuben H. Donnelley Corp.*, 580 F.2d at 267). The State Department's headquarters are, like many other federal agencies' headquarters, located in Washington, D.C. The District of Columbia constitutes one federal judicial district. *See* 28 U.S.C. § 88. Thus, the United States District Court for the District of Columbia is a proper venue for Plaintiff's APA claims against the State Department under Section 1391(e)(1)(A).

Plaintiff alleges that "enforcement actions occurred in New York City," but that he "applied for renewal of his U.S. passport in Pennsylvania." (ECF 1, at 1-2.) Thus, it is unclear whether any of the events that are the basis for Plaintiff's APA claims or his FTCA claims against the State Department occurred within this federal judicial district.[2] Accordingly, it is unclear that

---

[2] The federal judicial district for this court, the Southern District of New York, is comprised of the following New York State counties, including two New York City boroughs: (1) New York (New York City Borough of Manhattan);(2) Bronx (New York City Borough of the Bronx); (3) Westchester; (4) Dutchess; (5) Rockland; (6) Orange; (7) Putnam; and (8) Sullivan. *See* 28 U.S.C. § 112(b). The Eastern District of New York is comprised of the following New York State counties, including three New York City boroughs: (1) Kings (New York City Borough of Brooklyn); (2) Queens (New York City Borough of Queens); (3) Richmond (New York City Borough of Staten Island): (4) Nassau; and (5) Suffolk. *See* 28 U.S.C. § 112(c). There are three federal judicial districts that constitute the Commonwealth of Pennsylvania. *See* 28

3

this court is a proper venue for Plaintiff's APA claims or FTCA claims against the State Department under Section 1391(e)(1)(B) or Section 1402(b).

Plaintiff asserts that he resides in New Jersey. (ECF 1, at 2.) The State of New Jersey constitutes one federal judicial district, the District of New Jersey. *See* 28 U.S.C. § 110. Accordingly, it is clear that the United States District Court for the District of New Jersey is a proper venue for Plaintiff's APA claims and FTCA claims against the State Department under Section 1391(e)(1)(C) and Section 1402(b).

**B.    Severance of claims against the State Department**

The Court must sever Plaintiff's claims against the State Department. Rules 18 and 20 of the Federal Rules of Civil Procedure govern joinder of claims and parties, respectively. Rule 18(a) permits a plaintiff to join as many claims as he has against a particular defendant. *See* Fed. R. Civ. P. 18(a). By contrast, under Rule 20, a plaintiff may not pursue unrelated claims against multiple defendants. *See* Fed. R. Civ. P. 20(a)(2); *Deskovic v. City of Peekskill*, 673 F. Supp. 2d 154, 167 (S.D.N.Y. 2009) (Karas, D.J.) (holding that "the mere allegation that Plaintiff was injured by all Defendants is not sufficient [by itself] to join unrelated parties as defendants in the same lawsuit pursuant to Rule 20(a)" (internal quotation marks and citation omitted)). Rule 21 of the Federal Rules of Civil Procedure provides that "[t]he court may . . . sever any claim against a party." Fed. R. Civ. P. 21.

Plaintiff's claims against the State Department, which appear to arise solely from its denial of Plaintiff's passport application or passport-renewal application—a denial allegedly made due to OCSS's certification that Plaintiff owes child-support arrears—are not related to Plaintiff's other claims in this action against OCSS and NY Life, which appear to be Section

---

U.S.C. 118.

1983 due process challenges to OCSS's garnishment of Plaintiff's NY Life wages. Accordingly, the Court severs from this action Plaintiff's claims against the State Department. *See id.*

**C.      Transfer of Plaintiff's severed claims against the State Department**

For the reasons discussed below, the Court transfers Plaintiff's severed claims against the State Department to the United States District Court for the District of New Jersey. Under 28 U.S.C. § 1404(a), even if a civil action is filed in a federal district court where venue is proper, a court may transfer the action to any other federal district court where it might have been brought "[f]or the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). In determining whether transfer is appropriate, courts consider the following ten factors: (1) the convenience of witnesses; (2) the convenience of the parties; (3) the locus of operative facts; (4) the availability of process to compel the attendance of the unwilling witnesses; (5) the location of relevant documents and the relative ease of access to sources of proof; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded to the plaintiff's choice of forum; (9) trial efficiency; and (10) the interest of justice, based on the totality of circumstances. *Keitt v. N.Y. City*, 882 F. Supp. 2d 412, 458-59 (S.D.N.Y. 2011); *see also N.Y. Marine and Gen. Ins. Co. v. LaFarge No. Am., Inc.*, 599 F.3d 102, 112 (2d Cir. 2010) (setting forth similar factors).

Transferring the severed claims against the State Department to the United States District Court for the District of New Jersey, under Section 1404(a), appears to be appropriate because: (1) it is clear that, under Section 1391(e)(1)(C) and Section 1402(b), that court is a proper venue for those claims; and (2) it is unlikely that this court is a proper venue for those claims because Plaintiff does not allege any facts suggesting that the State Department's decision to deny his application for a passport or for passport renewal, which is the basis for his claims against the State Department, occurred within this judicial district. The United States District Court for the

District of New Jersey, therefore, appears to be a more appropriate forum for those claims. Accordingly, in the interest of justice, the Court transfers the severed claims against the State Department to that court. *See* § 1404(a); *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 106 (2d Cir. 2006) ("District courts have broad discretion in making determinations of convenience under Section 1404(a) and notions of convenience and fairness are considered on a case-by-case basis.").

### CONCLUSION

The Court construes Plaintiff's claims against the State Department (ECF 1, at 3), including his claims for immediate injunctive relief in his "emergency motion" (ECF 6), as brought under the Administrative Procedure Act and the Federal Tort Claims Act. The Court servers those claims from this action and transfers them to the United States District Court for the District of New Jersey. *See* 28 U.S.C. 1404(a); Fed. R. Civ. P. 21.

The Court defers to the transferee court as to whether to grant the relief Plaintiff seeks in his "emergency motion." (ECF 6.) The Court directs the Clerk of Court to terminate ECF 6 on the docket of this action in this court.

The Court waives the seven-day waiting period articulated in Local Civil Rule 83.1 and directs the Clerk of Court to immediately transfer the severed claims against the State Department to the United States District Court for the District of New Jersey. The Court therefore also directs the Clerk of Court to terminate the State Department as a defendant on the docket of this action in this court.

The Court certifies, pursuant to 28 U.S.C § 1915(a)(3), that any appeal from this order would not be taken in good faith and, therefore, IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:    April 9, 2026
           New York, New York

                                          /s/ Laura Taylor Swain
                                          LAURA TAYLOR SWAIN
                                          Chief United States District Judge